Cesar Edgar **YON–GARCIA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–72552.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**604**

Jorge I. Rodriguez–Choi, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Adam D. Kirschner, DOJ—US Dept. Justice, Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Cesar Edgar Yon–Garcia, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1252. We review questions of law *de novo, Almaghzar v. Gonzales,* 457 F.3d 915, 920 (9th Cir.2006), and the IJ's factual determinations for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

The BIA did not err in its determination that the IJ applied the correct legal standard under 8 C.F.R. § 1208.13(b)(1)(i)(A) to assess whether, in light of the changed country conditions in Guatemala, Yon–Garcia's subjective fear of future persecution was objectively reasonable. The IJ not

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

only relied on the Department of State's ("DOS") 1997 and 2002 Country Reports for Guatemala, but also on the 1997 advisory letter from the DOS to the IJ regarding Yon–Garcia's individual asylum claim as well as on Yon–Garcia's own testimony. The IJ did not err in assessing this record evidence to develop her individualized analysis of how changed country conditions would affect Yon–Garcia's particular situation. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 997–98 (9th Cir.2003) (citing *Rios v. Ashcroft,* 287 F.3d 895, 901 (9th Cir.2002) (requiring individualized analysis)). We uphold the agency determination that Yon–Garcia did not have an objectively reasonable fear of future persecution and is therefore not eligible for asylum.

Because Yon–Garcia did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard of proof for withholding of deportation. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

### PETITION FOR REVIEW DENIED.